## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DERRICK GIBBS,                              Case No. 1:21-cv-75
     Plaintiff,

                                 Barrett, J.
     vs.                                     Bowman, M.J.

HAMILTON COUNTY SHERIFF'S                   **ORDER AND REPORT**
DEPARTMENT, et. al,                         **AND RECOMMENDATION**
     Defendants.

     Plaintiff, a prisoner at the Ross Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants the Hamilton County Sheriff's Department, Officer Crawford, and Officer Elliot on February 1, 2021. (Doc. 3). On February 9, 2021, the undersigned issued a Report and Recommendation, recommending that plaintiff's claims against the Hamilton County Sheriff's Department should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (Doc. 4). The Court determined that plaintiff could proceed in this action against defendants Crawford and Elliot in their individual capacities.

     Plaintiff has now filed a supplemental complaint, which names as additional defendants Officer Sheriff Thompson and Nurse Arianna. (Doc. 8). This matter is now before the Court on the amended complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

     The amended complaint restates plaintiff's claims against defendants Crawford and Elliot. (*See* Doc. 8). As noted in the pending Report and Recommendation, plaintiff claims that on December 28, 2019 defendants Crawford and Elliot used excessive force against him while plaintiff was located at the Hamilton County Justice Center. (Doc. 1-2, Complaint at PageID

13).  Plaintiff claims that Crawford punched him in the head six or seven times and Elliot shot plaintiff in the back with a taser despite plaintiff's claim that he was face down on his stomach not resisting.  (Doc. 8 at PageID 72).  Following the incident, plaintiff alleges that he urinated blood on several occasions, up until January 28, 2020.  (*Id.* at PageID 75, 76).  Although he claims he provided Nurse Arianna with blood samples on two occasions, plaintiff alleges that when he saw the jail doctor on January 20, 2020 the doctor had no knowledge of plaintiff's bleeding and he was sent to an outside hospital.  (*Id.* at PageID 16-17).

Consistent with the February 9, 2021 Report and Recommendation, plaintiff is permitted to proceed in this action against defendants Crawford and Elliot in their individual capacities.  Additionally, out of an abundance of caution and without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed against defendant Nurse Arianna.  Plaintiff's remaining claims against the Hamilton County Sheriff's Department and defendant Thompson should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

As an initial matter, although plaintiff adds defendant Officer Sheriff Thompson as a defendant to this action, Thompson is not named in any factual allegation in the amended complaint.  In the original complaint, plaintiff alleges that Thompson was one of five officers in the medical area following plaintiff's altercation with Crawford and Elliot.  (*See* Doc. 1, Complaint at PageID 15).  Plaintiff does not allege that Thompson was involved in any use of force, denied him medical treatment, or allege any other fact that would plausibly suggest that Thompson violated his rights.  Absent such allegations, Thompson should be dismissed as a defendant to this action for failure to state a claim upon which relief may be granted.

2

Finally, as stated in the February 9, 2021 Report and Recommendation, plaintiff has not stated an actionable claim against the Hamilton County Sheriff's Department, which is again named as a defendant in the amended complaint. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or county sheriff's office is not a "person" within the meaning of § 1983. *See*, *e.g.*, *Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at \*2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at \*7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at \*2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983).

Even if the Court were to liberally construe the complaint as against Hamilton County itself, plaintiff has also failed to allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint against the Hamilton County Sheriff's Department should be dismissed.[1]

Accordingly, in sum, consistent with the February 9, 2021 Report and Recommendation (Doc. 4) plaintiff may proceed in this action against defendants Crawford and Elliot in their individual capacities. Additionally, out of an abundance of caution and

---

[1] The original complaint also lists the Hamilton County Sheriff's Office Investigative Services as a defendant. (Doc. 1-2, Complaint at PageID 12). As noted in the pending Report and Recommendation (Doc. 4), to the extent that plaintiff seeks relief in connection with the investigation of the incident, this claim is also subject to dismissal. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at \*2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at \*1 (6th Cir. Aug. 03, 1998) (citations omitted).

without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may also proceed against defendant Nurse Arianna.  Plaintiff's remaining claims against the Hamilton County Sheriff's Department and defendant Thompson should be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

The complaint, as amended, be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), except for plaintiff's claims against defendants Crawford, Elliot, and Nurse Arianna in their individual capacities.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, amended complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Nurse Arianna as directed by plaintiff, with costs of service to be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DERRICK GIBBS,                                    Case No. 1:21-cv-75
      Plaintiff,

                                Barrett, J.
      vs.                                          Bowman, M.J.

HAMILTON COUNTY SHERIFF'S
DEPARTMENT, et. al,
               Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).