UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Derrick Gibbs,

    Plaintiff,

    v.

Hamilton County Sheriff Department, *et al.*,

    Defendants.

Case No. 1:21-cv-75

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's February 9, 2021 and March 23, 2021 Reports and Recommendations ("R&Rs") (Docs. 4, 11); and the Magistrate Judge's June 17, 2021 Order denying Plaintiff's Motion to Appoint Counsel (Doc. 18). Plaintiff filed objections to the R&Rs (Docs. 6, 10, 15, 16) and the Order (Doc. 20). In addition, Plaintiff filed an appeal with the Sixth Circuit Court of Appeals (Doc. 35), which has now been dismissed (Doc. 40).

Plaintiff Derrick Gibbs brings claims pursuant to 42 U.S.C. § 1983 against Officer Crawford, Officer Elliot, Officer Thompson, and Nurse Arianna, and the Hamilton County Sheriff's Department. In his original complaint, Plaintiff alleged that Crawford and Elliot used excessive force against him while he was housed at the Hamilton County Justice Center. (Doc. 3, PAGEID 30, 32-34). Plaintiff seeks monetary damages from both the individual defendants and the Hamilton County Sheriff's Department. (Id. at PAGEID 31). Plaintiff has been granted leave to proceed *in forma pauperis*.

In her February 9, 2021 R&R, the Magistrate Judge recommended dismissing Plaintiff's claims against the Hamilton County Sheriff's Department pursuant to 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b)(1). The Magistrate Judge recommended permitting Plaintiff's claims against Officers Crawford and Elliot to proceed. The R&R provided notice that within 14 days after being served a copy of the Report, a party may serve and file specific written objections to the proposed findings and recommendations.[1]

Plaintiff filed timely objections to the February 9, 2021 R&R, but Plaintiff also filed a supplemental complaint on February 19, 2021. (Doc. 8). In his amended complaint, Plaintiff re-asserted the allegations in his initial complaint and added Sherriff Officer Thompson and Nurse Arianna as defendants.

In her March 23, 2021 R&R, the Magistrate Judge addressed Plaintiff's supplemental complaint (Doc. 8) and recommended that the claims against the Hamilton County Sheriff's Department and Officer Thompson should be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Magistrate Judge also recommended that the claims against the additional defendant, Nurse Arianna, should proceed along with the claims against Officers Crawford and Elliot.

Plaintiff's objections to the Magistrate Judge's March 23, 2021 R&R were not timely filed. (Doc. 15). This Court adopted the R&R on April 7, 2021 (Doc. 13), dismissing the claims against Defendants Hamilton County Sheriff's Department and Thompson; and allowing claims against Defendants Crawford, Elliot, and Nurse Arianna to proceed. For the sake of clarity, the Court will now address all of Plaintiff's objections, even though some of the objections were not timely.

---

[1] The Magistrate Judge notified Plaintiff that "[p]ursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." (Doc. 4, PAGEID 45).

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013).  Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).  When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

It is important to note that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Magistrate Judge conducted a *sua sponte* review of Plaintiff's Complaint and Supplemental Complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Construing Plaintiff's *pro se* complaint liberally, and considering it under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), the Magistrate Judge concluded that Plaintiff failed to state a claim against the Hamilton County Sheriff's Department and Officer Thompson.

With regard to the Hamilton County Sheriff's Department, the Magistrate Judge explained that only a "person" acting under the color of law is subject to suit or liability under 28 U.S.C. § 1983; and a county jail or county sheriff's office is not a "person" within the meaning of § 1983. (Doc. 11, PAGEID 110). The Magistrate Judge explained that even if the complaint against Hamilton County was construed liberally, Plaintiff has not alleged that his constitutional rights were violated pursuant to a county policy. As to Officer Thompson, the Magistrate Judge noted that Thompson is not named in any factual allegation in the supplemental complaint.

In his objections, Plaintiff addresses a variety of issues, including his intent to file a supplemental complaint, his *in forma pauperis* status, his transfer from one prison to another, and difficulties in receiving correspondence in a timely manner while in prison. Plaintiff does not file a specific objection to the dismissal of Officer Thompson. Therefore, the Court will not address the Magistrate Judge's recommendations that the claim against Officer Thompson be dismissed for failure to state a claim.

To the extent that Plaintiff addresses the dismissal of his claims against the Hamilton County Sheriff's Department, Plaintiff maintains that there were over forty

informal complaints filed by inmates housed at the Hamilton County Jail, and not one was answered by the staff of the Hamilton County Sheriff's Department. (Doc. 15, PAGEID 118). Plaintiff explains that this demonstrates that his constitutional rights were violated pursuant to county policy.

As the Magistrate Judge explained, under Ohio law, the Hamilton County Sheriff's Office is not a separate legal entity subject to suit under § 1983. *See Carmichael v. City of Cleveland*, 571 Fed.Appx. 426, 435 (6th Cir. 2014) (citing cases and explaining that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued."). However, when the plaintiff is proceeding *pro se*, some district courts have construed the plaintiff's § 1983 claims against the county sheriff's department as claims against the county itself. *Ford v. Batts*, No. 5:17-CV-P94-TBR, 2018 WL 912609, at *3 (W.D. Ky. Feb. 15, 2018) (citing cases). Yet, as the Magistrate Judge explained, even if the complaint was construed liberally, Plaintiff has failed to state a claim against Hamilton County under § 1983.

To state a § 1983 claim against a county, the plaintiff must claim that the alleged violations of constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-509 (6th Cir.1996). In his objections, Plaintiff now claims that the Hamilton County Sheriff has a policy of ignoring informal complaints filed by inmates. Even if this Court were to accept these factual allegations as true, Plaintiff would still fail to state a claim against the county. Plaintiff "cannot premise a § 1983 claim

5

on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure." *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *see also Lee v. Mich. Parole Bd*., 104 Fed.Appx. 490, 493 (6th Cir.2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Burke v. Tennessee Dep't of Corr*., No. 3:15-CV-00101, 2015 WL 1275191, at *2 (M.D. Tenn. Mar. 19, 2015) ("Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place."). Therefore, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff has failed to state a § 1983 claim against Hamilton County.

With regard to the Magistrate Judge's June 17, 2021 Order denying Plaintiff's Motion to Appoint Counsel (Doc. 18), the Court finds no error in the Magistrate Judge's conclusion that at this stage in the proceedings, Plaintiff has not demonstrated the existence of exceptional circumstances which would justify the rare appointment of free counsel for a *pro se* civil litigant. The determination of whether exceptional or extraordinary circumstances exist turns on the nature of the case and the plaintiff's ability to represent himself, taking into account "the complexity of the factual and legal issues." *Lavado v. Keohane*, 992 F. 2d 601, 606 (6th Cir. 1993) (internal citations omitted). As

the Magistrate Judge noted, Plaintiff's complaint is legible and articulate, and to date, he has adequately represented himself in this matter.

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's February 9, 2021 and March 23, 2021 R&Rs (Docs. 4, 11) to be thorough, well-reasoned, and correct. The Magistrate Judge's February 9, 2021 and March 23, 2021 R&Rs (Docs. 4, 11) are **ADOPTED** in their entirety.[2] The Court also finds no error in the Magistrate Judge's June 17, 2021 Order denying Plaintiff's Motion to Appoint Counsel (Doc. 18); and Plaintiff's objections are **OVERRULED**. It is hereby **ORDERED** that:

1. This action is **DISMISSED** against Defendants Hamilton County Sheriff's Department and Officer Thompson;

2. Plaintiff's Motion for Extension of Time (Doc. 20) is **DENIED as MOOT**; and

3. Plaintiff's Motion to Appoint Counsel (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT

---

[2] In his Objections filed on July 8, 2021, Plaintiff asks for an extension of time to file a motion for leave to file an amended complaint if the Court does not accept the filing of the Supplemental Complaint. Because the Supplemental Complaint (Doc. 8) is the operative complaint, Plaintiff's request for an extension of time is moot.

7