UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DERRICK GIBBS., | : | Case No. 1:21-cv-75 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael R. Barrett |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| HAMILTON COUNTY SHERIFF DEPT., *et al*., | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATIONS[1]

To date, service of process has not been accomplished on the following Defendants: Hamilton County Justice Center Corrections Officer Crawford, Corrections Officer Elliott, and Nurse Arianna. On October 18, 2021, United States Magistrate Judge Stephanie K. Bowman ordered Plaintiff to file new summonses with the Court that properly identify these officers and the nurse he intends to sue. (Doc. #30). A note on the docket indicates that the Clerk's office received summonses and USM forms per Judge Bowman's Order on October 21, 2021. However, these documents are not attached to the record.

On October 6, 2022, the undersigned ordered Plaintiff to file new summonses with the Court that properly identify[2] the officers and the nurse he intends to sue within 14 days. (Doc. #45). Despite this order, Plaintiff still did not file new summonses, thus causing the undersigned to issue yet another order, directing him to file the summonses no later than November 9, 2022 or to show cause by November 9, 2022 why this case should not be dismissed for failure to prosecute as a result of his failure to timely file new summonses. (Doc. #47, *PageID* #233). Additionally,

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.
[2] More specifically, at a minimum, Plaintiff must identify each Defendants' first and last name.

Plaintiff was notified that failure to show cause or file the new summonses as directed may result in a dismissal of the case for failure to prosecute. *Id*. at 233-34.

Plaintiff has neither responded to the Court's Order nor filed the new summonses, and the time for doing so has now expired. Accordingly, the undersigned recommends this case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

**IT IS THEREFORE RECOMMENDED THAT**:

1. The case be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute; and

2. The case be terminated on the Court's docket.

April 4, 2023                             *s/Peter B. Silvain, Jr.*
                                                              Peter B. Silvain, Jr.
                                                              United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).